# United States Court of Appeals for the Fifth Circuit

---

No. 22-40751
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 27, 2023

Lyle W. Cayce
Clerk

Michael Guisto Cromey, Jr.,

*Plaintiff—Appellant*,

*versus*

Matt Bingham, *District Attorney, Smith County (Retired)*; Jacob Putman, *District Attorney, Smith County*; Jeremy Thompson, *Tyler Police Department*; April Molina, *Tyler Police Department*; Michael Guisto Leone, *also known as* Michael Guisto Cromey, Sr.,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-210

---

Before Duncan, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Michael Guisto Cromey, Jr., Texas prisoner # 02126938, moves to proceed in forma pauperis (IFP) on appeal following the district court's dismissal of his 42 U.S.C. § 1983 suit pursuant to 28 U.S.C. § 1915A(b)(1).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Cromey's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The district court dismissed the suit as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Cromey's claims necessarily implied the invalidity of his conviction for the aggravated assault of his father with a deadly weapon, and Cromey had failed to demonstrate that the conviction had been reversed, expunged, declared invalid, or called into question. *See id.* at 486-87. Cromey does not meaningfully challenge the district court's reasoning but, instead, continues to insist that he is innocent. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify error in district court's legal analysis is the same as if he had not appealed). Accordingly, he fails to show that his appeal involves a nonfrivolous issue, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The district court's dismissal of the suit under § 1915A(b)(1) and our dismissal of this appeal as frivolous each count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Cromey is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).